IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DARON DEWAYNE TURNER**                                                                                   **PLAINTIFFS**

VS.                             CASE NO. 1:11-CV-00051-JMM

**McDONALD'S CORPORATION;**                                                                                **DEFENDANTS**
**McDONALD'S USE, LLC; NEWPORT**
**ENTERPRISES, LLC; SHEILA SNOW;**
**JULIE SUMMERFIELD; SARA McGEE;**
**JOHN DOE ENTITIES 1-10; JOHN DOE**
**INDIVIDUALS 11-20**

**ORDER**

Pending before the Court is plaintiff's Motion to Remand to State Court. For the reasons stated below, the Motion to Remand to State Court is granted (#8).

Plaintiff filed this action on April 6, 2011, in the Circuit Court of Jackson County, Arkansas. On June 15, 2011, defendant Newport Enterprises, LLC, removed the case to this Court because the original complaint raised a federal question under the Fair Credit Reporting Act. Subsequently, on June 21, 2011, this Court granted plaintiff's motion to amend the original complaint. Plaintiff removed any reference to a claim premised on the federal question and filed his amended complaint on June 21, 2011.

Plaintiff seeks remand to state court contending that because plaintiff's complaint no longer raises a federal question, this Court lacks subject matter jurisdiction. Defendants respond that jurisdiction is determined as of the date of removal, even if subsequent events remove the facts upon which jurisdiction is based. *See Kansas Public Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, 77 F.3d 1063, 1067–68 (8th Cir. 1996).

The record reflects that upon the filing of the original complaint and upon the date of removal, plaintiff raised a federal question under the Fair Claims Reporting Act. This being the

case, plaintiff's subsequent amendment deleting the federal question did not divest this Court of jurisdiction over the case.

Nonetheless, this Court has discretion to decline the exercise of supplemental jurisdiction over a claim after dismissal of the federal claim.  *See* 28 U.S.C. § 1367(c)(3); *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).  Defendant argues that this Court should exercise its supplemental jurisdiction because Arkansas law does not recognize a claim of disparate impact under the Arkansas Civil Rights Act ("ARCA").  The Court finds this argument to be without merit as disparate impact claims are within the purview of ACRA.  *See Robinson v. Sears, Roebuck & Co.*, 111 F. Supp. 2d 1101, 1118–19 & n.9 (E.D. Ark. 2000) (disparate impact claims may be analyzed under ARCA) (citing *Henderson v. Simmons Food, Inc.*, 217 F.3d 612, 614 (8th Cir. 2000); *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569–70, 11 S.W.3d 531, 536–38 (2000)).  Further, language of ARCA renders it applicable to all claims of employment discrimination.  *See* ARK. CODE ANN. § 16–123–107(c)(1)(A) ("Any individual who is injured by employment discrimination by an employer . . . shall have a civil action . . .").

After considering the values of judicial economy, convenience, fairness and comity, the Court finds that this case should be remanded to the Circuit Court of Jackson County, Arkansas.  *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d at 749.  The Clerk of the Court is directed to return the case, including the pending Motion to Amend the Answer forthwith.

IT IS SO ORDERED THIS   14    day of October, 2011.

_____
James M. Moody
United States District Court